**In the Matter of Kimberly A. AGNEW, et al., Debtors.**

**Appeal of Peter Francis GERACI.**

**Nos. 97–3376, 97–3400.**

United States Court of Appeals, Seventh Circuit.

Submitted April 23, 1998.

Decided May 4, 1998.

Rehearing and Suggestion for Rehearing En Banc Denied June 3, 1998.

Peter F. Geraci, Law Offices of Peter Francis Geraci, Chicago, IL, Appellant pro se.

Edward B. Hopper, II, Office of the U.S. Trustees, Peoria, IL, Appellee pro se.

Before BAUER, EASTERBROOK and ROVNER, Circuit Judges.

PER CURIAM.

Recently we held that a district court has the power under 11 U.S.C. § 329(b) to establish a presumptive "reasonable value" of legal fees in consumer bankruptcies, and to limit fees to this level unless counsel establishes that services in a particular case justify

more. *In re Geraci*, 138 F.3d 314 (7th Cir. 1998). The presumptive value established in that case was $800. Other bankruptcy judges in the same district established presumptive reasonable values of $575 and $600, which were applied to 88 cases consolidated for resolution of this issue.

■■■ Geraci contends that the district court has violated the Constitution by singling him out for unfavorable treatment, but the contention is untenable. Each bankruptcy judge's presumptive fee applies to all consumer bankruptcy cases. Each judge was entitled to draw a line over which the fee will be scrutinized (and under which it will be approved automatically). That the judges and the United States Trustee were spurred toward this approach by a perception that Geraci conducts his practice in an abusive manner, taking advantage of debtors who are unaware that his promises of superior services at a premium rate are hot air (one bankruptcy judge found that "Geraci's work is not on a par with that of other bankruptcy practitioners, that his motions practice leaves much to be desired, and that his abilities as a trial lawyer are substandard"), does not make the rule problematic. In economic matters all that is constitutionally necessary is a rational basis for the line drawn. See *Vance v. Bradley*, 440 U.S. 93, 111, 99 S.Ct. 939, 950, 59 L.Ed.2d 171 (1979); *McKenzie v. Chicago*, 118 F.3d 552, 557 (7th Cir.1997).

■■■ Why Geraci should lavish attention on an equal protection claim is a mystery. The rational-basis standard is designed to separate the domains of legislation and adjudication. Judges must enforce legislation if a rational basis for the statute can be hypothesized; proof is not only unnecessary but also forbidden. *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S.Ct. 2096, 2102, 124 L.Ed.2d 211 (1993). The relation between trial and appellate courts is not so constrained. We can examine the record to see whether the facts actually support the decision. Although review for clear error or abuse of discretion is deferential, it is not

toothless after the fashion of review for a rational basis. The real issue on this appeal is whether the evidence supports a line at $575 or $600. To this question the answer must be yes. The court found, with ample support, that other lawyers are willing to provide services equivalent or superior to Geraci's for $575 or less. If Geraci's services are worth more in a given case, he has only to demonstrate that fact—just as lawyers routinely do in fee-shifting litigation, where they must show to the court's satisfaction the number of hours reasonably devoted to the litigation and the market rate for those services. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Geraci has not attempted to demonstrate that his services were worth more than $575 in any of these consolidated cases, so the judgment is

AFFIRMED.